IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) | CIVIL ACTION NO. 6:17cv-122 |
| ) | |
| v. ) | |
| ) | **COMPLAINT** |
| rue21, inc., ) | |
| ) | <u>JURY TRIAL DEMAND</u> |
| Defendant. ) | |
| ) | |

## <u>NATURE OF THE ACTION</u>

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Aarena Scott ("Scott"), who was adversely affected by such practices. The Equal Employment Opportunity Commission ("Commission") alleges that, during her employment with rue21, inc. ("Defendant"), Scott was subjected to a sexually hostile work environment based on her sex, female, in violation of Title VII. Due to Defendant's failure to remedy the work environment from sexual harassment, Scott was constructively discharged or compelled to resign from her position with Defendant, which is also a violation of Title VII.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Georgia.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.      At all relevant times, Defendant, rue21, inc., has continuously been doing business in the State of Georgia and the City of Vidalia, and has continuously had at least 15 employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6.     More than thirty days prior to the institution of this lawsuit, Scott filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

7.     On March 23, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8.     On May 1, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

10.     Since at least on or about July 1, 2016, Defendant has engaged in unlawful employment practices at its Vidalia, Georgia, store, in violation of

Section 703 of Title VII, 42 U.S.C. 2000(e)-2(a).  Defendant subjected Scott to sexual harassment that created a sexually hostile work environment because of her sex, female.

11.    On March 7, 2016, Defendant hired Scott as a part time assistant manager at its Vidalia, Georgia retail store location.  About three weeks later, Scott was promoted to a full time assistant manager position.  In or about August 2016, Defendant's store manager hired another assistant manager, who frequented the store as a customer.  Scott was assigned to train the new assistant manager.

12.    Soon after her hire, the new part time assistant manager began sexually harassing Scott by inappropriately touching Scott's shoulder and stomach. Scott rebuffed the assistant manager's advances but the harassment continued.  The assistant manager touched Scott on her breasts and rubbed her rear end against Scott.  The assistant manager frequently told Scott that she was attracted to her and even told Scott's partner, when she visited the store, that she "wanted [Scott]."

13.    The assistant manager also visited the store on her days off to sexually harass Scott.  In fact, the assistant manager frequently visited the store to harass Scott before she was hired in or about August 2016.

14.    The assistant manager used sexually charged language towards Scott on one occasion asking Scott if she was a virgin and if anyone had "popped [Scott's] cherry?"

15.    Scott witnessed the assistant manager grab the genitalia of one female sales employee and pull down the blouse of another female sales employee.

16.    After each incident of harassment, Scott complained to the store manager, who dismissed her complaints and failed to take any steps to protect her.

17.    The store manager also sent Scott a text message that was sexual in nature, stating that the assistant manager wanted an "orgy" and questioning Scott's virginity.

18.    On more than one occasion, Scott asked the store manager to change her schedule to avoid working with the assistant manager, telling him that she was uncomfortable with the assistant manager's constant harassment.  However, the store manager refused Scott's requests.

19.    At all times, Scott was offended by the conduct of the assistant manager and the store manager.

20.    At all times, Scott objected to the conduct.

21.    The conduct described above occurred weekly, and sometimes as often as daily, and continued throughout Scott's employment with Defendant.

22.    In early September 2016, Scott contacted Defendant's corporate office about the harassment and called the number she found on her pay check stub, but she never received a response from Defendant.

23.    On September 8, 2016, Scott filed a charge of discrimination against Defendant with the EEOC alleging sexual harassment.

24.    After filing her EEOC charge, on two more occasions, Scott requested that the store manager change her schedule to avoid working with the assistant manager. However, again, the store manager ignored her requests.

25.    On or about September 11, 2016, Scott texted a harassment complaint to Defendant's district manager through a number that she found in Defendant's online handbook.

26.    Three days later, on September 14, 2016, Scott resigned from her position, frustrated with Defendant's failure to act on her complaints.

27.    Although Defendant offered to reinstate Scott to her position at the Vidalia, Georgia store, Scott declined the offer, fearing that she would have to work with the assistant manager who harassed her and the store manager that repeatedly ignored her complaints of sexual harassment.

28.    Defendant also offered to transfer Scott to its Douglas, Georgia store location. However, Scott was not able to commute to a store that was sixty miles away from her home.

29.    Defendant is liable for the practices complained of above because the individuals who created the sexually hostile work environment were proxies for the employer.

30.     The effect of the practices complained of above has been to deprive Scott of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex.

31.     The unlawful employment practices complained of above were intentional.

32.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Scott.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from: (a) creating or maintaining a sexually hostile work environment; (b) failing to take remedial action in response to employee complaints of sexual harassment; and (c) engaging in any other employment practices which discriminate on the basis of sex.

B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant to make Scott whole, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other

affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.  Order Defendant to make Scott whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.  Order Defendant to make Scott whole, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including inconvenience, emotional pain and suffering, anxiety, stress, depression, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.  Order Defendant to pay Scott punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully Submitted,

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ANTONETTE SEWELL
Regional Attorney

LAKISHA DUCKETT ZIMBABWE
Supervisory Trial Attorney


s/ James W. Allen
Senior Trial Attorney
Georgia Bar No. 016075

Equal Employment Opportunity
Commission
Savannah Local Office
7391 Hodgson Memorial Drive, Suite
200, Savannah, Georgia  31406-2579